BAINTON McCARTHY LLC
26 Broadway, Suite 2400
New York, New York 10004
Telephone (212) 480-3500
Facsimile (212) 480-9557
*Attorneys for Plaintiff Hasan Ersen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HASAN ERSEN,

                      Plaintiff,

   - against -

BANANA REPUBLIC, LLC,

                      Defendant.
----------------------------------------X

08 Civ.

COMPLAINT

[Stamp: JUL 28 2008 U.S.D.C. S.D.N.Y. CASHIERS]

      Plaintiff Hasan Ersen, by his attorneys, Bainton McCarthy LLC, alleges, upon information and belief, the following:

### Nature of the Action

1.     Plaintiff brings this diversity action against Defendant as a result of Defendant's breach of implied warranty of merchantability.

### The Parties

2.     At all times relevant to the events giving rise to the claim alleged herein, Plaintiff Hasan Ersen was a resident and citizen of the County of New York, State of New York, residing at 33 West End Avenue, Apartment 9C, New York, New York.

3.     On or about May 14, 2008 Hasan Ersen changed his residence and is currently a citizen of the County of Bergen, State of New Jersey, residing at 418 Undercliff Avenue, Edgewater, NJ, 07020.

4. At all relevant times, Defendant Banana Republic, LLC ("Banana Republic") was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

5. At all relevant times, Banana Republic has maintained its principal place of business in the State of California.

6. At all relevant times, Banana Republic has been qualified to do business in the State and City of New York.

7. At all relevant times, Banana Republic has derived substantial revenue from goods used, sold, or consumed in the State of New York.

8. At all relevant times, Banana Republic has derived substantial revenue from interstate and/or international commerce.

9. At all relevant times, Banana Republic expected or should have reasonably expected that its acts would have consequences in the State of New York.

10. At all relevant times, Banana Republic has transacted business within the State of New York.

11. At all relevant times, Banana Republic has contracted to supply goods within the State of New York.

12. At all relevant times, Banana Republic, has controlled, operated and overseen a retail store located at 2360 Broadway, New York, NY.

### Jurisdiction and Venue

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c) because at all times material and relevant to the matter, defendants transacted and continue to transact business in this district. Additionally, a substantial part of the events giving rise to the claim alleged herein occurred in this district.

### Background of the Action

15. At all relevant times, Banana Republic has been in the business of, among other things, selling apparel collections for men and women, and sophisticated seasonal collections of shoes, personal care products, intimate apparel, and accessories, including glass bottles containing plastic collar stays.

16. At all relevant times, Banana Republic has designed, manufactured, sold, distributed, advertised, and marketed glass bottles containing plastic collar stays.

17. On or about June 10, 2007, Plaintiff purchased a glass bottle containing plastic collar stays from a Banana Republic retail store (Store No. 08062) located at 2360 Broadway, New York, New York, 10024.

18. On or about June 25, 2007, when Plaintiff attempted to open the glass bottle containing plastic collar stays for the first time, it exploded in his hand.

19. Plaintiff sustained serious and permanent injuries and scars as a result of defective, hazardous, and dangerous conditions of the glass bottle containing plastic collar stays.

### AS FOR THE FIRST CAUSE OF ACTION
### IMPLIED WARRANTY OF MERCHANTABILITY

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof as if fully restated herein.

21. At all relevant times, Banana Republic, by and through its agents, servants, employees, and representatives, warranted and represented, both explicitly and

implicitly, that the aforementioned glass bottle containing plastic collar stays was reasonably safe; fit for the ordinary purpose for which it was intended; and was of merchantable quality.

22. At all relevant times, the aforementioned glass bottle containing plastic collar stays was not reasonably fit for the ordinary purpose for which it was intended nor for a reasonably foreseeable purpose, and was defective.

23. The aforesaid representations and warranties made by Banana Republic, were breached in that the glass bottle containing plastic collar stays was defective, hazardous, not reasonably safe, not fit for its intended and/or reasonable use, and not of merchantable quality.

24. At all relevant times, Plaintiff reasonably expected that the aforementioned glass bottle containing plastic collar stays was reasonably fit to be used for its intended purpose or reasonably foreseeable purpose.

25. Plaintiff could not, by the exercise of reasonable care, have discovered the defects nor perceived the dangers resulting from the defective condition of the glass jar of plastic collar stays.

26. As an actual and proximate result of the foregoing, Plaintiff was caused to sustain severe and permanent injuries; suffered severe and permanent lacerations and scarring and the loss of mobility of his hand; suffered and continues to suffer substantial limitations; suffered and continues to suffer a loss of enjoyment of life; has been, and shall remain prevented and/or hindered from pursuing normal activities; was compelled to undergo and continues to undergo medical care, therapy, and treatment; was forced to and will continue to incur medical expenses and other losses; and was, and continues to be otherwise injured and damaged, all of which are ongoing and permanent in nature.

WHEREFORE, Plaintiff Hasan Ersen demands that a judgment be entered directing Defendant Banana Republic to pay him damages in excess of $100,000, plus interest, costs and fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 28, 2008

                                                BAINTON MCCARTHY LLC

                                                By: _____
                                                    J. Joseph Bainton
                                                   *Attorneys for Plaintiff*
                                                    26 Broadway, Suite 2400
                                                   New York, New York 10004-1840
                                                   Tel:   (212) 480-3500
                                                   Fax:   (212) 480-9557